**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
gdoll@dollamir.com
JAMIE KENDALL (SBN 260231)
jkendall@dollamir.com
515 S. Flower Street, Suite 1812
Los Angeles, California 90071
Tel: 213.542.3380
Fax: 213.542.3381

Attorneys for Plaintiff,
PHI Health, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHI HEALTH, LLC, a Louisiana limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHEM BLUE CROSS OF CALIFORNIA, INC., a California corporation, and DOES 1 to 3, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND PETITION TO CONFIRM ARBITRATION AWARD** |

Plaintiff PHI Health, LLC ("PHI") brings this action against Defendant Anthem Blue Cross of California, Inc., ("Anthem Blue Cross"), and Does 1 through 3, inclusive (collectively, "Defendants") and alleges as follows:

## I.  INTRODUCTION

1. This action is necessary because Defendants have failed and/or refused to pay to PHI the money that Defendants were ordered to pay in arbitration awards rendered pursuant to the federal No Surprises Act ("NSA"). While the NSA is detailed below in paragraphs 14-18, in broad strokes, the NSA requires group health plans and health insurers to pay out-of-network providers of, among other things, air ambulance services (referred to as a "nonparticipating provider") for emergency services rendered to the plans' or insurers' covered members or insureds. The NSA further gives nonparticipating providers the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The arbitration is called "Independent Dispute Resolution," or "IDR," and the arbitrator is called an "IDR entity." The IDR entity's determination is "binding upon the parties involved" and not subject to judicial review absent circumstances described under the Federal Arbitration Act at 9 U.S.C. § 10(a)(1)-(4). See 42 U.S.C. §§ 300gg-111(c)(5)(E)-(F); 29 U.S.C. § 1185e(c)(5)(E), 1185f; 45 C.F.R. § 149.510(c)(4)(vii)(A). Further, the group health plan or insurer must pay any additional payment required by the IDR entity's determination no later than thirty (30) calendar days after the determination issues. 42 U.S.C. § 300gg-111(c)(6); 29 U.S.C. § 1185e(c)(5)(A), 1185f(b)(5)(A), see also 45 C.F.R. § 149.510(c)(4)(ix).

2. Here, PHI is an air ambulance company that provides emergency medical transports to patients across the country. PHI transported a patient covered by Defendants. After Defendants refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the NSA, which resulted in an arbitration award in PHI's favor of $24,427.38 ("IDR Award 207689" or the "IDR Award").

3. PHI therefore brings this action to confirm IDR Award 207689 and to enter judgment for PHI in the amount of $24,427.38, plus pre- and post-judgment interests and costs of collection.

4. This confirmation action is made necessary because Defendants have failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendants to pay for PHI's services.

5. PHI therefore brings this complaint and petition, pursuant to the Federal Arbitration Act ("FAA"), the California Arbitration Act ("CAA"), and the No Surprises Act ("NSA") to enter an order confirming the IDR Award and judgment against Defendants for the amount of money owed PHI.

## PARTIES

6. Plaintiff PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendants; PHI is thus a "nonparticipating provider" for purposes of the NSA.

7. Defendant Anthem Blue Cross of California, Inc. ("Anthem Blue Cross") is a health insurance company, and on information and belief at all relevant times was a California corporation. It is headquartered at 601 12th Street 20th Floor, Oakland, California, and can validly be served with process at 1325 J Street Suite 1550, Sacramento, CA through their Agent Erin Haggerty.

8. The true names and capacities of the defendants sued in this Complaint as Doe 1 through Doe 10 is currently unknown to PHI, and therefore PHI sues these defendants by fictitious names under Section 474 of the California Code of Civil Procedure. PHI will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 10, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as Doe 1 through Doe 10, inclusive, is responsible in some manner for the debt owed to PHI under the NSA, as alleged in the Complaint.

# JURISDICTION AND VENUE

9. This Court has federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal No Surprises Act. The No Surprises Act makes the IDR Award "binding" on Defendants and also requires Defendants to pay what is owed within thirty days of the IDR entity's decision. 42 U.S.C. §300gg-112(b)(6); 29 U.S.C. § 1185e(c)(5)(E), 1185f.

10. Venue is proper in this District because Defendants "reside" here and because a "substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(b).

11. This Court has personal jurisdiction over Defendants because Defendants do significant business in this State and have a significant presence here and because PHI's claims arise out of Defendants' contacts with California.

12. The transport at issue, for which PHI is entitled to payment, occurred in California.

## II.   BACKGROUND ON THE NO SURPRISES ACT

13. The No Surprises Act creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the NSA calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount." 42 U.S.C.§ 300gg-112(a)(3)(B); 29 U.S.C. § 1185e(a)(1)(C), 1185f(a)(3)(B).[1]

14. The NSA contains a detailed mechanism for determining what the

---

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e *et seq.* (ERISA); and 26 U.S.C. §§ 9816 *et seq.* (the Internal Revenue Code "IRC").

appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K); 29 U.S.C. § 1185e, 1185f(b)(2).

15. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be, as well as reasons and evidence supporting its offer. *Id.* at § 300gg-112(b)(5)(B); 29 U.S.C. § 1185e, 1185f. The IDR entity considers a number of factors laid out at 42 U.S.C. § 300gg-112(b)(5)(C) & (D); 29 U.S.C. § 1185e, 1185f, and, based on those factors, "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* at § 300gg-112(b)(5)(A); 29 U.S.C. § 1185e(c)(5)(A), 1185f(b)(5)(A).

16. The IDR entity's "determination" is "binding" and "shall not be subject to judicial review," absent the limited circumstances laid out in the NSA, which states:

> **(E) Effects of determination**
>> **(i) In general**
>> A determination of a certified IDR entity under subparagraph (A)--
>>> (I)   shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and
>>> (II)  shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

42 U.S.C § 300gg-111(c)(5)(E); 29 U.S.C. § 1185e(c)(5)(E), 1185f.  This "shall apply" to air ambulance IDR determinations.  *Id.* at § 300gg-112(b)(D); 29 U.S.C. § 1185e, 1185f(b)(4)(B).

17.   The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3); 29 U.S.C. § 1185e(c)(6), 1185f(b)(6)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity.  *Id.* at § 300gg-112(b)(6).

### III.   THE FACTS OF THIS DISPUTE

18.   In 2022, PHI supplied emergency air ambulance transport services to a patient who was a member of Defendants' Plan.

19.   PHI sent Defendant Anthem Blue Cross a bill for these transportation services.  As defined above, Anthem Blue Cross is the health insurer of Defendants' Plan.

20.   PHI received an "Explanation of Benefits" form dated October 25, 2022 relating to the transport at issue in this case.  The patient's "I.D. Number" was DB381662369 according to the EOB, and the insurance verification for the patient stated that the Plan Name was "Pensioned Operating Engineers Health & Welfare Trust Fund," with Group No. 280525M401.  The Explanation of Benefits form stated that the Plan was making an initial payment to PHI for the two service codes for this transport.  For service code A0435 (the code at issue in this complaint), the Plan was paying $2,130.72.

21.   The Explanation of Benefits form stated that for service code A0435, the patient's "co-pay" and "deductible amount" were both "0.00."

22.   PHI received an initial payment of $2,130.72 for service code A0435.

23.   On November 22, 2022, PHI initiated IDR proceedings under the No Surprises Act by submitting Notices of Initiation through the federal IDR Portal for

the transport at issue in this case. PHI gave valid notice to Anthem Blue Cross of the initiation of IDR proceedings.

24. The IDR dispute for service code A0435 was assigned IDR reference number DISP-207689. The IDR entity assigned to the dispute was National Medical Reviews, Inc. (the "IDR Entity").

25. On January 29, 2024, the IDR Entity transmitted to PHI a Written Payment Determination Notice, which included the "IDR Award" for service code A0435. The IDR Award determined that the appropriate out-of-network rate for the transport for service code A0435 is $24,427.38. This is more than the $2,130.72 that Pensioned Engineers Fund paid to PHI for the same service code for this transport. The IDR Award for A0435 is attached hereto as Exhibit 1.

26. The No Surprises Act obligates Defendants to pay PHI a total amount of $22,296.66 (the "**IDR Award Balance Owed**"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Award; minus (ii) the amount previously paid by Defendants:

| Service Code | IDR No. | IDR Awards | Initial Payments | Cost Sharing | IDR Award Balance Owed |
|---|---|---|---|---|---|
| A0435 | 207689 | $24,427.38 | $2,130.72 | $0.00 | $22,296.66 |

27. To date, Defendants have not paid PHI the IDR Award Balance Owed.

28. The IDR Award should be confirmed by judgment of this Court. Federal courts have authority to confirm IDR awards issued pursuant to the NSA under 9 U.S.C. § 9. In addition, the IDR Award should be confirmed by judgment of this Court pursuant to the California Arbitration Act. *See* California Code of Civil Procedure § 1280, *et seq*.

29. The No Surprises Act also includes an implied right of action against Defendants for the amount owed to PHI. Specifically, the NSA requires Defendants to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-

112(a)(3); 29 U.S.C. § 1185e(c)(6), 1185f(b)(6)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* at § 300gg-112(b)(6).

30.    The NSA thus requires Defendants to pay to PHI the IDR Award Balance Owed for the transport at issue in this case.

## **PRAYER FOR RELIEF**

31.    WHEREFORE, PHI prays for the following relief:

a.    To confirm the IDR Award and enter judgment according to it against Defendants for $22,296.66, representing the IDR Award Balance Owed;

b.    To order Defendants pay PHI pre- and post-judgment interest and costs of suit according to proof;

c.    Ordering Defendants to pay PHI's attorneys' fees incurred in this action, the amount of which PHI will prove by separate motion; and

d.    Awarding PHI all other relief to which it may be entitled.

Dated:  January 29, 2025

By: */s/ Gregory L. Doll*
GREGORY L. DOLL
JAMIE O. KENDALL
*Counsel for Plaintiff, PHI Health, LLC*